HUTCHINS HANKS COAL CO., Appellants, v. WAL-
NUT LAND & COAL COMPANY, Respondent.

**Kansas City Court of Appeals, January 24, 1910.**

1. **CHATTEL MORTGAGE: Powers Conferred.** Powers con-
ferred in a mortgage in order to pass title to a purchaser in a
sale thereunder must be strictly followed.

2. ——————: ——————: **Several Mortgagees: Sale.** Where there is
more than one mortgagee and the mortgage debt is not divis-
ible, the mortgagee has no right individually to foreclose.

3. ——————: ——————: **Invalid Sale: Waiver by Mortgagor.** Al-
though a foreclosure was defective because made by one of sev-
eral mortgagees, where the mortgagor waived all defects in the
proceedings and thereby lost his equity of redemption, the sale
is rendered valid.

Appeal from Bates Circuit Court.—*Hon. Chas. A. Den-
ton,* Judge.

REVERSED AND REMANDED.

*Silas W. Dooley* for appellant.

(1) The court erred in instructing the jury to
find for the defendant. The instruction to find for the
defendant was given by the court on the theory that
the mortgage being given to three parties (although
for advances) it vested in them a joint power to carry
out its terms in case it became necessary for any action
to be taken thereunder, that not having acted jointly
in making the sale under the mortgage, the sale was
void and appellant is not entitled to recover against
the defendant for a void sale. (2) The chattel mort-
gage in this suit is for advances, but is silent as to the
advances made, if any, the amount or amounts advanc-
ed or by whom advanced, and whether jointly or sev-
erally made. Ruby v. Coal Co., 21 Mo. App. 159; Fos-
ter v. Reynolds, 38 Mo. 553; Sparks v. Brown, 33 Mo.

App. 505; Williams v. Alnut, 72 Mo. App. 62; Keating v. Hannenkamp, 100 Mo. 161; State ex rel. v. Cabanne, 14 Mo. App. 294; State, etc., v. Cabanne, 14 Mo. App. 455; Campbell v. Allen, 38 Mo. App. 27; Bank v. Shackelford, 67 Mo. App. 475; Wallace v. Wilson, 30 Mo. 335; Baile v. Insurance Co., 73 Mo. 386; Frank v. Playter, 73 Mo. 672; Barton v. Ellington, 128 Mo. 164; Quick v. Turner, 26 Mo. App. 29.  (3) Should the court hold this a joint mortgage, still plaintiff was entitled to recover in this action, the oral testimony and exhibits showing a chattel mortgage; also that a mortgagee took possession of the property upon failure of the mortgagor to comply with the conditions of the mortgage, hence there was not only a breach of the covenant against encumbrances, but also of the warranty of title.

The law is well settled, that after default, any mortgagee is entitled to take possession of the property, that after possession taken his title is absolute against the world, subject to the right of the mortgagor to redeem before sale thereof: 7 Cyc. 76; White v. Quinlan, 30 Mo. App. 63; Tobener v. Hassenbrusch, 56 Mo. App. 591; Jackson v. Cunningham, 28 Mo. App. 354.  (a) His possession is good against all the world. 5 Am. and Eng. Enc. Law, p. 1002.  (b) He may hold the property without selling.  7 Cyc., p. 79.  (4) A mortgagee cannot challenge the possession of his comortgagee in a suit of this kind.  Kelly v. Vandiver, 75 Mo. App. 435; Ingals v. Ferguson, 59 Mo. App. 299; State v. Hammerswardle, 44 Mo. App. 471; Cossett v. Drysdale, 43 Mo. App. 430.  (a) Hence the defendant, a comortgagee with Haverly, cannot in this suit challenge his act in taking possession.

*J. S. Francisco* for respondent.

(1) The power of sale given in the chattel mortgage is a matter of contract and not of law, and must be strictly followed to be effective.  Stewart v. Brown,

112 Mo. 171; Shanewerk v. Hoberecht, 117 Mo. 22. In this instrument that power was conferred on three individuals, not one, it was attempted to be exercised by one only and consequently void. (2) The power to sell in this instrument is a trust power which can be executed in no other manner, or by any other person than those named in the creative instrument. The mortgagees are certainly joint tenants, if language can make them such. If it had been made to secure separate debts to each and so separately stated in the instrument then under the authorities cited by appellant they would be tenants in common and one might sell. 31 Cyc. 1105. (3) The mortgage in this case shows on its face that the three mortgagees are joint tenants of the property and the debt. The only evidence tending to show the contrary is the oral evidence of H. H. Haverly which is wholly incompetent as it contradicts the terms of a written, sealed instrument, and not effective even if not objected to. Besides such evidence does not state what interest Tygard had in the mortgage debt but only accounts for $428 of the debt. The only claims plaintiff has for damages in this action is for a breach of warranty of title to and against encumbrances, against certain personal property, described in the bill of sale introduced in evidence. The clause in said bill of sale relied upon by plaintiff is set out in his statement. (4) The mere fact that Hughes executed said mortgage, if he did execute it, is no evidence that he owned the property at the time. 11 Cyc. 1153; Lambest v. Estes, 99 Mo. 604; Morgan v. Railroad, 63 Mo. 129; Duffy v. Sharp, 73 Mo. App. 316; Eagan v. Martin, 71 Mo. App. 65.

BROADDUS, P. J.—The plaintiff's action is based upon a bill of sale whereby defendant in April, 1905, sold to plaintiff certain personal property, used in mining operations, for the consideration of $500. The bill of sale contained the following clause: "The said gran-

tor covenants that said property is free from incumbrance and that it has the lawful right to sell and dispose of the same; and that it will warrant and defend the title thereto against all claimants whatever." Plaintiff alleges that at the time said bill of sale was executed there was a chattel mortgage on said property given by D. L. Hughes to defendant and to F. J. Tygard and H. H. Haverly to secure certain advances made and to be made by them to the said Hughes.

The mortgage provides that the property shall remain in the possession of the mortgagor until default be made and that, "Upon taking possession of said property or any part thereof, either in case of default or as above provided the said parties above named or their legal representative, may proceed to sell the same, or any part thereof, at public auction, to the highest bidder for cash at Foster, Mo., in the ———— of ———— County of Bates and State of Missouri, first having given (5) five days public notice of the time, terms and place of sale, and property to be sold," etc.  The debt was not paid when due, and Haverly one of the mortgagees took possession of all the property, advertised the same for sale and sold it to himself and Hughes the mortgagor.

Upon the conclusion of plaintiff's testimony the court directed a verdict for the defendant.  From the judgment plaintiff appealed.

The principal question raised is whether the sale made by Haverly of the mortgaged property was valid. If not the judgment of the court must be sustained.

It is a well established rule of law in this State that powers conferred in a mortgage in order to pass title to the purchaser must be strictly followed.  [Stewart v. Brown, 112 Mo. 171; Schanewerk v. Hoberecht, 117 Mo. 22; Polliham v. Reveley, 181 Mo. 622.]  Under this rule if the mortgage was not given to secure the separate indebtedness of each of the mortgagees the foreclosure by one of them would be invalid.  "Where a mortgage is given to secure separate debts each mortgagee may

Coal Co. v. Land & Coal Co.

enforce his rights in his own name. If by the mortgage the whole property is forfeited by a single default it is forfeited to the holders of the mortgage jointly." [Herman on Chattel Mortgages, sec. 143.] This seems to be a correct interpretation of the law. But it is insisted that the mortgage debt was not divisible, that the interests of the mortgagees were not separate. This is true and therefore under the rule Haverly had no power individually to foreclose.

But it seems to us that the court in its conclusion left out of consideration one important feature of the case. Notwithstanding Haverly was not authorized in his individual capacity to foreclose the mortgage, his act was ratified by the mortgagor. When he bought in the property at the sale with the consent of Hughes the mortgagor, who joined him in the purchase, it was a waiver on the part of Hughes of any and all defects in the proceedings so far as he was concerned and he thereby lost his equity of redemption. The other mortgagees if not satisfied with the sale have their remedy against Haverly or perhaps against the property itself. But so far as the property is concerned it is lost to the plaintiff. The title has failed by reason of a prior encumbrance.

There is another fact to be stated which we think has a bearing in the case, viz.: Haverly testified that the debt for which he bid in the property was $420, and was owing to him, and mentioned no other. The amount of the consideration stated in the mortgage was $500, but it was expressed that this sum was for what had been advanced and for future advances. We therefore think we are safe in saying that the whole debt was owing to Haverly. If such debt was owing to Haverly the other mortgagees had no real interest in the property and are in no position either at law or equity to complain of the foreclosure proceedings. We believe that all parties are estopped from denying the legality of the sale. The defendant certainly is. The

only important issue in the case was whether the title had failed by reason of the foreclosure proceedings.

It follows from what has been said that the cause should be reversed and remanded, and it is so ordered. All concur.