THE HUBER MANUFACTURING COMPANY, Respondent, v. S. D. ELLIS and PARLEE ELLIS, Appellants.

Springfield Court of Appeals, March 11, 1918.

1. **CHATTEL MORTGAGES: Power of Sale: Notices.** Powers of sale in chattel mortgages must be strictly followed as to places and time of posting notices, and in all other particulars.

2. ———: **Stipulations Drawn by Mortgagee.** A stipulation drawn by a mortgagee regarding change of place of sale to another county will not be added to by intendment so as to allow posting of notices in such other county contrary to the mortgage provisions.

3. ———: **Foreclosure: Place of Sale: Notices.** Where mortgagee obtained a stipulation that a sale be held in another county, but nothing was said as to where notices should be posted, posting of notices only in the county where the sale took place, where the mortgage expressly stated notice should be posted in the other county, rendered the sale void.

4. **USURY: Sales: Discounts.** That vendor offered to sell machinery for $2100 cash or $2400 on time notes did not render a chattel mortgage for $2400 usurious.

Appeal from Butler Circuit Court.—*Hon. J. P. Foard,* Judge.

REVERSED AND REMANDED.

*Abington & Phillips* for appellants.

*Sheppard & Sheppard* for respondent.

FARRINGTON, J.—The plaintiff (respondent) brought suit on six promissory notes which had been given it by the defendants who are husband and wife, defendants having purchased a threshing machine outfit and given these and other notes aggregating $2100 secured by chattel mortgage on the machinery. The same question being presented as to both mortgages the disposition of one will rule the case.

The point to be decided goes to the notice of sale under the chattel mortgage after default had been made in the payment of a part of the debt.

The chattel mortgage provided that in case of default plaintiff upon taking possession might proceed to sell the property at public auction to the highest bidder at Keener, Butler county, Missouri, first having given ten days' notice of the time, terms and place of sale, and the property to be sold, by posting three written or printed handbills in three public places in said county. The mortgage also provided that the mortgagee might

become the purchaser at said sale. Keener is a small town in the northern part of Butler county. Williamsville is several miles north of Keener and is in Wayne county, Missouri.

After default the plaintiff and defendants entered into the following agreement or stipulation:

"We, S. D. Ellis and Parlee, his wife, hereby agree and consent that the property described in a chattel mortgage given by us to the Huber Manufacturing Company for $2100 dated May 22, 1915, may be sold at Williamsville, Wayne county, Missouri, instead of Keener, Butler County, Missouri, as provided in said mortgage. Dated this 26th day of May, 1916.

"S. D. Ellis,
"Parlee Ellis."

This came about by reason of the fact that it was easier to get the machinery to Williamsville than to Keener, and both parties agreed that it might be taken to Williamsville and sold there under the mortgage. In this stipulation to sell at Williamsville instead of Keener there is no mention made about any change in the character or the posting or the place of posting the notices of sale.

The plaintiff having taken possession of the property at Williamsville in Wayne county proceeded to post the notices of sale in Wayne county and posted no notice, as required by the terms of the chattel mortgage, in Butler county. The sale took place at Williamsville and the plaintiff bought the property for $900. After deducting certain expenses of the sale plaintiff gave credit on the notes given for the purchase price for what remained, and in this action seeks to recover the balance alleged to be due on said notes.

Defendants in their answer set up the failure to post proper notices of said sale, charged that the sum paid—$900—was a grossly inadequate price for the machinery, and asked credit for $2250, which they allege to be the value of the machinery taken and retained by the plaintiff in the manner hereinbefore described.

The trial court by refusing defendants' requested instructions held that the sale under the chattel mortgage made at Williamsville was a valid sale, and gave an instruction for the plaintiff requiring the jury to find for the plaintiff for the amount due on said notes together with interest. Judgment was accordingly rendered for the plaintiff, and defendants have duly perfected their appeal and present the proposition as to the validity of the sale made at Williamsville in Wayne county under this chattel mortgage where there was no showing of any notices of sale as required by the chattel mortgage in Butler county.

The law is well settled in Missouri as well as elsewhere that the powers conferred by a chattel mortgage in order to pass title to a purchaser under a sale must be strictly followed, not only as to the places designated for posting notices and the length of time, but in all other particulars. The reason for this rule is that the powers exacted by the mortgagee which gives him authority to take the mortgagor's property and transfer title therein is a drastic measure not contemplating any supervision of a court and one simply of contract. [Schanewerk v. Hoberecht, 117 Mo. 22, 22 S. W. 949; Stine v. Wilkson, 10 Mo. 75; Thornburg v. Jones, 36 Mo. 514; Hutchins Hanks Coal Co. v. Land & Coal Co., 141 Mo. App. 251, 124 S. W. 1098; Sears v. Livermore, 17 Ia. 296, 85 Am. Dec. 564, 27 Cyc. 1474 and 1476; 7 Cyc. 109; 2 Jones on Mortgages, secs. 1827 and 1836; Jones on Chat. Mortgages (5 Ed.), sec. 795.]

The law as settled in this State should be strictly observed in applying it touching the giving of notices by publication. [Gray v. Worst, 129 Mo. 122, 31 S. W. 585; Cruzen v. Stephens, 123 Mo. 337, 27 S. W. 557.]

The contention of the respondent—that the subsequent agreement between the parties that the place of sale of this machinery should be a different place than that named in the chattel mortgage waived the requirement as to the place of posting notices of the sale—is not well taken. To begin with the chattel mortgage by definite and unambiguous language declares that the post-

ing of the notices must be in Butler county and the stipulation as to the change of the place of sale in no way refers to or mentions anything concerning the method, place or manner of publication. This stipulation was prepared and drawn by the mortgagee and its words will be given their ordinary meaning and nothing will be added to that meaning by intendment. For this court to read into that stipulation a clause changing the place at which the notices of sale are to be posted would not only violate the law as declared in Liggett v. Union National Bank, 233 Mo. l. c. 601, 133 S. W. 299, and a long line of Missouri decisions holding that courts cannot make contracts for parties, but would change the specific and unequivocal terms of a written contract that the parties actually made. We must therefore hold that the sale made at Williamsville was void and that the defendants are entitled to take credit upon the debt for which they are sued in such an amount as they may be able to show the property was worth when taken by the plaintiff.

Respondent cites but one case to support the validity of the sale, the case of Darnall v. Darlington, 28 S. C. 255, 5 S. E. 620. That was where the mortgagee had taken possession of some mules on which he held a chattel mortgage and the mortgagor had defaulted in the payment of the debt. The chattel mortgage required certain notices of sale to be posted at a small town called Allendale. The mortgagee in that case took possession of the mules on a telegram received from the mortgagor instructing him to "take stock to Savannah and sell there." Following this instruction the mortgagee took the mules to Savannah, advertised for two days a sale, and sold them, applying the proceeds on the debt, and brought suit for the balance due. The defendant mortgagor set up the invalidity of the sale because the chattel mortgage was not complied with as to the posting of notices. The court in that case held that in view of the fact that there was no evidence to the effect that the sale was in any way unfair or that the property brought an inadequate price, and that the sale was made

at Savannah on instructions and for the accommodation of the mortgagor, he had waived the provision as to the posting of notices at Allendale, and upheld the sale. Though some of the language of that opinion is contrary to the ruling we make in this case the facts are not altogether analogous, first, as to the question of the consideration paid at the sale, and second, the mortgagee in that case was carrying out the wishes and directions of the mortgagor rather than the wishes of the mortgagee. That case, it seems to us, was decided for the right party and could and we think should have been placed on the ground that the mortgagor was not directing him to sell the mules in Savannah (a large city in another State) under the terms of the chattel mortgage, but was directing him as an agent to take them to that market and sell them for him and apply the proceeds to the payment of the debt and that neither party had in contemplation that the sale to be made in Savannah was a sale under the chattel mortgage, and that the claim made by the defendant in that case that it was under the chattel mortgage was an afterthought. In any event the case can in no way control the rule in Missouri as we have hereinbefore declared.

The appellants raise the novel proposition that because the plaintiff was willing to sell the machinery originally to the appellants for the sum of $2400 on time notes drawing five per cent interest, as it did, or for the sum of $2100 cash, the transaction, as closed, was usurious and the chattel mortgage void. Of course no authorities are cited to support this claim and it is without merit. To deny a seller the right to take a less amount in cash for an article than he would when sold for payments on time would bar to merchants a very beneficial instrument of commerce known as discounts.

For the reasons hereinbefore stated the judgment is reversed and the cause remanded. *Sturgis, P. J.,* and *Bradley, J.,* concur.