.Richmond, P J.,
delivered the opinion of the court.
This was an action brought by William C. Hauptman, defendant in error, against Margaretta G. Rice, plaintiff in error, to recover the sum of $61.00 for services rendered. Suit was instituted before a justice of the peace, and an attachment writ sued out. Affidavit in attachment was traversed and counterclaim filed. The cause was tried, and resulted in a judgment against the defendant for the sum of $49.00. An appeal was prosecuted to the county court. The cause was again tried and resulted in a judgment against defendant for the sum of $44.00, besides a judgment sustaining the attachment.
To reverse this judgment three errors are assigned:
First. In rendering judgment for the plaintiff.
Second. In sustaining the attachment proceedings.
Third. In trying the issues in attachment after rendering judgment upon the main issue for the plaintiff.
We have carefully reviewed all of the testimony in this case and have reached the conclusion that there is ample testimony to support the court in finding for the plaintiff and rendering judgment thereon.
' In regard to the contention that the affidavit in attachment was defective, we have to say that the plaintiff is not in a position to, for the first time, raise the question in this court. It is a question that should have been raised by motion to *567 quash, and after having traversed the affidavit in attachment, the defendant could not interpose such a motion. Defects of this nature and irregularities in attachment proceedings must he met in the proper way in the court below, and before going to trial upon the issues raised by an affidavit traversing the affidavit upon which the attachment writ is issued.
With reference to the third point, that the court should have first determined the issue raised in the attachment proceedings before trying the main issue, we call attention to the fact that the record shows that the trial of this issue was by consent of both parties postponed until September 9th. The language of the stipulation, after entitling the cause, is as follows: “ In this cause it is stipulated that the hearing on the traverse may be continued until September 9, 1891.” Signed by attorneys for plaintiff and defendant. It was heard oh September 9th, and determined on September 14th, and no exception' reserved to the judgment thereon,
In the face of this record we are unable to conceive how any one could expect it to be within the realms of possibility that the judgment herein entered could be reversed-
Having reached the conclusion that there is ample testimony to support the findings of the court upon the main issue, we are compelled to affirm the judgment.

Affirmed.