## NEER ET AL. v. COWHICK ET AL.

Wills—Olographic—Execution.

1. An olographic will is a testament written wholly by the ·testator.
2. An olographic will comes within the provisions of the statute (Sec. 2237, Rev. Stat. 1887) as to the execution of written wills, and to be valid must be witnessed by two competent witnesses.

[Commenced in District Court July 13, 1891. Decided December 15, 1892.]

Error to District Court for Laramie County. Hon. Richard H. Scott, Judge.

Petition for probate of the olographic will of John Y. Cowhick deceased. The petitioners were John W. Collins, who was named as executor of the will, and Anna Elizabeth Neer, one of the devisees. The district court refused to admit the will to probate, and Anna Elizabeth Neer, Clara Bowman, Homer Phillips, Mary Buechler, and the Trustees of the

University of Wyoming, who were devisees or legatees under the will, prosecuted error, making Oscar F. Cowhick, Mary C. Wannamaker, Dallas R. Cowhick, Eliza J. Thorp, George G. Cowhick, Elizabeth La Fever, Winfield S. Cowhick, Minnie M. Otis and Maude Keener, who had opposed the probate of the will, defendants in error. The case was submitted upon an agreed statement of facts, which are fully stated in the opinion.

*Potter & Burke, Davidson & Clark* and *Charles N. Potter,* Attorney General, for plaintiffs in error.

Olographic wills are known to the law and are recognized in the statutes of several of the States. When that term is used in the statute reference is made to an instrument that has a distinctive denomination and name. The object of the law governing the execution of wills is to protect the right, make certain that what is claimed to be such is the wish of the decedent, and thus to guard against fraud. Protection under an olographic will is far greater than under a will written by others and only subscribed by the testator. An enactment of the legislature will be upheld unless totally repugnant to the organic law. (Blackstone, Book 1, p. 87.) In construing a statute we must arrive at the legislative intent. Words are to be taken in their most known signification, and the reason of the enactment will be sought for. The intention of the legislature was that an olographic will should be proved. If the will was invalid because of the lack of witnesses at the time it was executed, yet, if after writing the will, and subsequent to the new legislation, the testator dies, and if, under the statute as it stood at the time of his death the instrument is provable, it should be proved under the law existing at the time of the testator's death. (4 McCord, 30; 2 Swan, 405; 1 Bradf., 252; 4 Md., 335; 18 Ga., 1; 43 Ga., 142; 1 Jarman on Wills, 537; 1 Redfield on Wills, 4th Ed., 408; Ferris v. Petiten, 10 Cal., 466; Downer v. Smith, 24 Cal., 123; Coppinger v. Rice, 33 Cal., 423; Rider v. Colin, 37 Cal., 89; Estate, etc., 48 Cal., 644.

*Lacey & Van Devanter*, for defendants in error.

The statute regulating the execution of wills excludes the class of non-attested wills, but olographic wills may be attested without losing their character as olographic. (Shouler on Wills, Sec. 255; 4 Kent's Com., p. 519.) Under our modern statutes which require a will to be duly executed and attested, there can be no judicial evasion in favor of informal writings. (Shouler on Wills, 257; Brooks v. Woodson, Ga., 14 L. R. A., 160.) The statute of 1891 only relates to the manner of proof of olographic wills and does not attempt to give the essentials of such a will. When an affirmative statute contains no expression of a purpose to repeal a prior law, it does not repeal it unless the two acts are in irreconcilable conflict, or unless the latter statute covers the entire ground occupied by the earlier and is clearly intended as a substitute for it. (Redrock v. Henry, 106 U. S., 596; Chem Heong v. U. S., 112 U. S., 536.) If by any course of reasoning both can be reconciled they must stand. (Cass v. Dillon, 2 O. St., 607; Randebaugh v. Shelley, 6 O. St., 307; Ludlow's Heirs, 3 O., 553; Dodge v. Gridley, 10 O. St., 178; Ex parte Smith, 40 Cal., 419; People v. Gustin, 57 Mich., 407; McCool v. Smith, 1 Black U. S., 459; Ex rel Taylor v. Brown, 1 Wis., 513.) An olographic will like any other depends for its validity upon compliance with the forms prescribed by law. (In re Armant's Will, 43 La. Ann., —; Estate of Rand, 61 Cal., 468.)

GROESBECK, CHIEF JUSTICE.

This case was submitted to the district court for Laramie County in the exercise of its probate jurisdiction on an agreed statement of facts. It appears that one John Young Cowhick, a resident of the City of Cheyenne in this State for more than ten years prior to his death, died on the 18th day of June, 1891, in said city, being the owner of and in possession of a large amount of real and personal property situate in the County of Laramie. On the day following his

death, one George L. Beard, cashier of the Cheyenne National Bank, found a certain written instrument purporting to be the will of said John Y. Cowhick, in a safety vault box in said banking house, theretofore used by said deceased as a depository for his valuable and private papers, which he, the said Beard, filed on the day of its discovery in the office of the clerk of the district court for Laramie County. The said instrument is wholly in the handwriting of the deceased, is signed by him and bears the following indorsement wholly in the handwriting of the decedent: "Will of John Young Cowhick, made September 13, 1889." It was inclosed in a sealed envelope which was indorsed also in the handwriting of decedent as follows: "John W. Collins, to be opened after my death. Will." It was further admitted that the said Cowhick was of sound and disposing mind and memory at the time of signing this instrument, and from that time up to his death, and that he was then over fifty years of age. The said instrument was not witnessed by any person and was not signed or attested by any witness or witnesses. The will is what is termed an olographic, or more properly speaking, an holographic will, and the sole question to be determined is whether or not the said instrument is a valid will without being signed or attested by witnesses. At the time of the execution of the instrument, it was not a valid will, as it was not witnessed. Sec. 2237 of the Revised Statutes then provided that "All wills to be valid must be in writing, witnessed by two competent witnesses, and signed by the testator or by some person in his presence and by his express direction, and if the witnesses are competent at the time of attesting the execution of the will, their subsequent incompetency from whatever cause it may arise, shall not prevent the probate and allowance of the will," etc. The first State legislature enacted a law entitled: "An act providing for probate jurisdiction and procedure and prescribing the duties of the courts and officers in connection therewith," approved January 10, 1891, five months before the death of the said John Young Cowhick. Chap. 70, Sess. Laws 1890-1. It provides among other things for petitions for probate of wills and hearings thereon, wheth-

er contested or not, and the requisite proof to be adduced in support of the will, for administration of estates and the like. If no person appears to contest a will it may be admitted to probate on the testimony of one subscribing witness, if he testifies that the will was executed in all particulars as required by law, and that the testator was of sound mind at the time of its execution. (Sec. 12 of Chapter II of the act.) And then follows Section 13 of the same chapter: "An olographic will may be proved in the same manner as other private writings are proved." If the will be contested, all the subscribing witnesses who are present in the county and who are of sound mind, must be produced and examined, and the death, absence or insanity of any of them must be shown to the court. If none of the subscribing witnesses reside in the county, the court may admit the testimony of other witnesses to prove the sanity of the testator and the execution of the will, and as evidence of the execution and attestation of the will, it may admit proof of the handwriting of the witnesses or any of them. Sec. 3 of Chap. III of the act. Provision for the proof of lost and nuncupative wills is also made. This act repeals in express terms many provisions of the former law made obsolete under the constitutional provision conferring the powers and jurisdiction of probate courts under the territorial regime upon district courts. The former statute relating to the competency of testators, the devises of lands, the passing of after acquired property by the will, and the provisions relating to the execution and attestation of such instruments were not repealed, although a number of sections relating to the proof of wills succeeding these sections of the Wills Act were repealed expressly. There is no general repeal of inconsistent laws, and the intent of the legislature is plain to preserve unimpaired section 2237 of the Revised Statutes, requiring all wills to be in writing, signed by the testator or by some person in his presence by his express direction and by two competent witnesses. Holographic wills were of no greater sanctity under the common law than other written wills. Such a will did not have any greater legal force than a will written by a third party and signed by the

testator. The statute of 32 Hen. VIII, c. 1, explained by 34 Hen. VIII, c. 5, did not require witnesses to wills, and it was not until the enactment of the statute of frauds and perjuries, 29 Car. II, c. 3, that witnesses were required to wills. Although under the Scotch law holographic writings were considered of higher value than other instruments because of the difficulty of successful forgery of them, this regard for such instruments does not seem to have been entertained by the English courts. Such wills grew in favor in this country during the colonial period, where they were generally held good as valid wills of personal property where recognized by statute, and they were favored in the Code Napoleon and in the civil law. The definition of an holographic will is exact; it is a testament written wholly by the testator. Our law of probate procedure is framed after the California Code, but the statute of that State defining such a will and providing that it need not be witnessed was not made a part of the act and cannot be found in our statutes. We have no provision of statute that dispenses with the necessity of witnesses to holographic wills. In all of the jurisdictions of the Union where such wills are recognized, the laws expressly provide that such wills need not be witnessed. Our statute recognizes them, but merely declares that they may be proved in the same manner that other private writings are proved. The California Code of Evidence also provides that any writing may be proved (1) By any one who saw the writing executed, or (2) by evidence of the genuineness of the handwriting of the maker, or (3) by a subscribing witness. We have no such statutory rule of evidence and we must rely upon the ordinary rules of evidence independently of statute. A private writing may be proved by one subscribing witness. In case there is none, and where the law does not require any, proof may be received of the signature of the maker. But if the law requires subscribing witnesses to such private writings, they must be proved by subscribing witnesses, or if dead, incompetent, insane, or beyond the jurisdiction, by proof of their signatures. The statute governing the execution of wills yet in force and not expressly or impliedly repealed, requires all

wills including holographic wills to be witnessed by two competent witnesses, otherwise they can not be valid. There are no witnesses to the will in the case at bar, and the law not having excepted holographic wills from the provisions of the statute requiring such written wills with all other written wills to be witnessed, the instrument offered for probate is invalid. It was invalid under the law in force at the time of its execution, and that law not having been repealed or modified expressly or by implication, the will was invalid at the time of the testator's death. We can not extend the terms of the statute providing that holographic wills may be proved in the same manner that other private writings are proved and insert by construction a provision that they need not be witnessed, as that would be judicial legislation. We are forced to the position that the statute relating to proof of holographic wills does not dispense with the necessity of witnesses to them, and that as to such wills, the former statute providing that wills must be witnessed by two competent witnesses is still in force. The probate procedure act appears to recognize nuncupative or oral wills which is obnoxious to the wills statute but we are not now considering the validity of such wills nor passing upon the construction of that part of the probate procedure act. We are unanimously of the opinion that holographic wills must be witnessed to be valid wills. The judgment of the district court rejecting the so-called will and refusing to admit it to probate is therefore affirmed.

CONAWAY and MERRELL, JJ., concur.