W. M. DAVIDSON AND IDA DAVIDSON, *Appellants,* v. J. W. DAVIS, *Appellee.*

USURY—CAN ONLY ATTACH TO LOAN OF MONEY OR FOR-BEARANCE OF DEBT.

Usury can only attach to a loan of money, or to the forbearance of a debt. On a contract to secure the price or value of work and labor done or to be done, or of property sold, the contracting parties may agree upon one price if cash be paid, and upon as large an addition to the cash price as may suit themselves if credit be given; and it is wholly immaterial whether the enhanced price be ascertained by the simple addition of a lumping sum to the cash price, or by a percentage thereon. In neither case is the transaction usurious. It is neither a loan nor the forbearance of a debt, but simply the contract price of work and labor done or of property sold; and the difference between cash and credit in such cases, whether six, ten or twenty percent must be left exclusively to the contract of the parties, and no amount of difference fairly agreed upon can be considered illegal. The difference between the cash and the credit price on a sale of property may be put into the form of interest on a note given for the purchase price without violating the usury law although the percent agreed is greater than the lawful rate of interest.

This case was decided by Division B.

Appealed from the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*T. F. West,* for Appellants;

*Daniel Campbell & Son,* for Appellee.

TAYLOR, J.—The appellee filed his bill for the foreclosure of a mortgage in the Circuit Court of Santa Rosa County the mortgage being given to secure the payment of a note for $1687.50 payable twelve months after date to bear interest after maturity at the rate of 12½ per cent. per annum. The defendants answered the bill alleging that the said note was usurious in this that the amount really due by them to the original payee in said note was the sum of $1500, and that the excess of $187.50 over said sum of $1500 was added to said note as interest thereon from the date of said note for one year thence next ensuing which they aver was at the rate of 12½ per cent. per annum and was usurious. Testimony was taken and upon the testimony the court below rendered a decree for the principal sum of $1687.50 without any interest after maturity of said note and for attorneys' fees for the foreclosure of the mortgage and for costs. From this decree the defendants below have taken their appeal and assign the said decree as error.

The evidence in the case shows that there was no loan of money by the mortgagee to the mortgagors and that no indebtedness between them existed at the time of the giving of said note and mortgage, but that the original mortgagee being the owner of a tract of land in Santa Rosa County that the mortgagor desired to purchase, the said vendor was willing to sell the same for cash at the sum of $1500, but the vendee not being able to pay said sum of $1500 in cash and desiring twelve months time within which to make payment for said land the vendor agreed to give him such extension of time provided he would at the end of said twelve months pay him $1687.50 instead of $1500 (the cash price asked), the said excess in the price agreed to be paid over the cash price asked being equivalent to interest on the cash price asked at the rate of 12½ per cent. per annum.

The law is well settled that usury can only attach to a loan of money, or to the forbearance of a debt, and that on a contract to secure the price or value of work and labor done or to be done, or of property sold the contracting parties may agree upon one price if cash be paid, and upon as large an addition to the cash price as may suit themselves if credit be given; and it is wholly immaterial whether the enhanced price be ascertained by the simple addition of a lumping sum to the cash price, or by a percentage thereon. In neither case is the transaction usurious. It is neither a loan nor the forbearance of a debt, but simply the contract price of work and labor done and property sold; and the difference between cash and credit in such cases, whether six, ten or twenty per cent. must be left exclusively to the contract of the parties; and no amount of difference fairly agreed upon can be considered illegal. Webb on Usury, paragraph 72; West v. Belches, 5 Mumf. (Va.) 187; Garrity v. Cripp, 4 Baxter (Tenn.) 86; Brown v. Gardner, 4 Lea (Tenn.), 145; Ruffner v. Hogg, 1 Black (U. S.) 115, 17 L. Ed. 38. Or as the rule is stated in First Nat. Bank of Johnson City v. Mann, 94 Tenn. 17, 27 S. W. Rep. 1015, 27 L. R. A. 565: "The difference between the cash and the credit price on a sale of property may be put into the form of interest on a note given for the purchase price without violating the usury law although the percent agreed upon is greater than the lawful rate of interest." Reger v. O'Neal, 33 West Va. 159, 10 S. E. Rep. 375, 6 L. R. A. 427; Graeme v. Adams, 23 Gratt. (Va.) 225.

Under the law as stated there was no usurious taint in the note herein sued upon, and the court below committed no error in the decree rendered, and the same is hereby affirmed at the cost of the appellants.

HOCKER and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.