No. 27,359.

THE ATLAS SECURITIES COMPANY, *Appellee*, v. A. G. COPELAND, *Appellant*.

(260 Pac. 659.)

SYLLABUS BY THE COURT.

1. USURY—*What Constitutes—Credit Sales at Increased Price.* Ordinarily the seller of an article may have a cash price and an increased credit price, and a *bona fide* sale at the latter price is not usurious irrespective of whether it (the credit price) is made up of the cash price plus a rate of interest which would exceed the legal rate of interest, or whether a note is given and the increase put in the form of interest thereon even in excess of the legal rate.

2. SAME—*Evidence.* In an action by a chattel mortgagee to recover possession of an automobile, the evidence considered and held sufficient to sustain the finding and judgment of the court that the automobile was offered to the defendant at a cash selling price of $1,500 or a time selling price of $1,675.17.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed November 5, 1927. Affirmed.

*Charles F. Trinkle,* of La Cygne, for the appellant.

*Arthur J. Stanley,* of Kansas City, and *Edward M. Tracewell,* of Kansas City, Mo., for the appellee.

Usury, 39 Cyc. pp. 925 n. 83, 926 n. 86, 927 n. 89, 956 n. 23, 1055 n. 77; 49 L. R. A. 553; 28 L. R. A. n. s. 102; 27 R. C. L. 214.

The opinion of the court was delivered by

HOPKINS, J.: The action was one in replevin by a chattel mortgagee to recover possession of an automobile. The defense was that the chattel mortgage was tainted with usury and therefore void. Plaintiff prevailed and defendant appeals.

Defendant purchased a Stutz car from the Hathaway Motor Company in Kansas City, Mo., June 16, 1922. A contract was executed, reading in part:

"First party guarantees its new cars as per printed guarantee in regular factory catalogue. Second party hereby orders from first party the articles enumerated below at the prices and terms given. It is agreed that if the articles herein ordered are not taken the deposit will be forfeited to first party.

. . . . . . . . . . . . . . .

"Article 1—Model K. L. H., 4 pass., Fleetwood:

| | |
|---|---|
| Stutz, equipped with tire and cover | $3,275.00 |
| By 1920 Stutz, 6 pass., free from debt | 1,775.00 |
| Balance | $1,500.00 |

"Balance to be paid $250 every three months until balance is paid.

"Ins. fire and theft. $100. Ded. Col. K. L. D. H. 12238, Motor D 122438.

"This contract shall not be binding on party of the first part until it shall have been submitted to it at its office in Kansas City, Mo., and accepted in writing by one of its officers at that place."

The defendant testified:

"The names signed to the contract are my name; one is 'Bruce'; and one is 'King.' Mr. King was general manager of the Hathaway Motor Company and Mr. Bruce was a salesman. Mr. Bruce sold me the car and then referred the matter to Mr. King and the deal was closed with Mr. King. When I went to sign the papers there was $175.17 additional included. Mr. King said the Atlas Securities Company required this additional amount."

The court in its judgment found that "the said personal property, the recovery of which is sought in this action, was offered to the defendant at a cash selling price of $1,500 or a time selling price of $1,675.17; that the addition of the sum of $175.17 to the cash selling price of $1,500 was legitimate and did not constitute usury."

What constituted the consideration for the note and mortgage, and whether the car had been offered to defendant for a cash selling price of $1,500 and a time selling price of $1,675.17, were questions of fact which when considered and found by the trial court were conclusive. What happened is perfectly apparent. Bruce was the Hathaway

salesman. He negotiated for a sale with defendant. The contract specified that it would not be binding until submitted to and accepted by the company at its office. The matter was referred to Mr. King for the company, who, according to the defendant, closed the deal, and who stated to the defendant when he executed the note and mortgage that the amount was $1,675.17. The note and mortgage were the last papers signed by the parties, the ultimate completed contract.

Ordinarily, the seller of an article may have a cash price and an increased credit price, and a *bona fide* sale at the latter price is not usurious, irrespective of whether the credit price is made up of the cash price plus a rate of increase which would exceed the legal interest rate or whether a note is given and the increase put in form of interest thereon, even if in excess of the legal rate. (See note and cases cited thereunder, 28 L. R. A., n. s., 102.) In *Smith v. Kaufman*, 145 Ark. 548, it was said:

"On a *bona fide* sale of merchandise on a credit at a higher price than the purchaser would have to pay for cash, no charge of usury can be predicated, for the element of lending and borrowing money is absent." (p. 553. See, also, *General Motors Accept. Corp. v. Weinrich*, 218 Mo. 68; *Huber Mfg. Co. v. Ellis*, 199 Mo. App. 96.)

We are of opinion there was no showing of usury and that the trial court's finding that the mortgage was valid was not incorrect.

The judgment is affirmed.