[Civ. No. 6115. Second Appellate District, Division Two.—January 2, 1931.]

LESLIE RICKER, Respondent, v. FAY SECURITIES COMPANY (a Corporation), Appellant.

Wheeler & Wackerbarth, Henry O. Wackerbarth, Henry E. Carter, Joseph A. Adair, and Harold F. Morrison for Appellant.

W. P. Butcher for Respondent.

CRAIG, J.—A judgment having been rendered in favor of the plaintiff and against the purchaser of a conditional sale contract for triple the amount of alleged interest on deferred payments, the latter appealed therefrom.

The respondent entered into a contract in writing for the purchase of an automobile from a dealer who subsequently sold said contract to the appellant herein for an amount equal to the retail price of the car if sold for cash. By the terms of their agreement the original parties recited payment upon its execution of a specified sum, and divided the remainder into eighteen equal installments which they agreed respondent should pay each consecutive month there-

after, "all deferred payments to bear interest from date of maturity at the highest legal rate, but not exceeding 12 per cent per annum". The plaintiff alleged that the total of the cash payment and installments exceeded the agreed purchase price of the car, that such excess was interest thereon, and that it amounted to more than the legal rate allowed for "the loan or forbearance of money, goods or things in action", and was usurious. It is conceded that the amount in controversy was added to the unpaid balance of the purchase price after deduction of the cash payment, but with the knowledge and consent of the purchaser, prior to the execution of the contract. It is contended by appellant that it consisted of a "mark-up", or added charge for expenses and risk incident to financing the contract and extending the time for payment of the balance of the purchase price. It was testified on behalf of the vendor: "There was a cash sales price and a time sales price. Ten months' time would be one price; sixteen months another, eighteen months another, twelve months another. . . . It would be the price we would have to charge in order to have the Fay Securities Company take the contract on a time sales price." The plaintiff testified: "I asked him what mark-up meant, and he said that covered interest and handling charges. . . . I asked him what the interest ran, and he said it ran 10 per cent, and he figured it up for me." The trial court found that the increase so added exceeded the legal rate of interest and that appellant "took and received money in a greater sum for the forbearance of money, goods or things in action than the rate of twelve dollars upon each one hundred dollars for one year and that said contract was so written and worded with the intent to evade the usury law of the state of California".

 Since the vital issue before the trial court required a decision as to the true nature of the contract, all evidence pertinent thereto was material and clearly admissible. In such a case the agreement of the parties is open to evidence *dehors* the written contract to show that although legal on its face, it was in fact an illegal agreement. (*France* v. *Munro*, 138 Iowa, 1 [19 L. R. A. (N. S.) 391, 115 N. W. 577]; *Brown* v. *Johnson*, 43 Utah, 1 [Ann. Cas. 1916C, 321, 46 L. R. A. (N. S.) 1157, 134 Pac. 590]; *Cissna L. Co.* v.

*Gawley,* 87 Wash. 438 [Ann. Cas. 1917D, 722, L. R. A. 1916B, 807, 151 Pac. 792].)

We think the evidence did not warrant the implied finding that the difference between the cash sales price and the time sales price was stipulated to be interest. There was no evidence to indicate what portion of this sum was interest except the statement of the plaintiff that the vendor had said it would run ten per cent. It has repeatedly been held that where the time sales price exceeds the cash sales price and the difference amounts to more than the legal rate of interest it does not follow that the transaction is usurious, but that other considerations than interest are properly involved, such as the risk incident to financing the contract, expenses connected therewith, etc. (27 R. C. L., pp. 213, 215, secs. 14, 15; *Verbeck* v. *Clymer,* 202 Cal. 557 [261 Pac. 1017]; *Berger* v. *Lodge,* 90 Cal. App. 19 [265 Pac. 515]; *Murphy* v. *Agen,* 92 Cal. App. 468 [268 Pac. 480]; *Pacific Finance Corp.* v. *Lauman,* 95 Cal. App. 541 [273 Pac. 48].)

The judgment is reversed.

Works, P. J., and Thompson (Ira F.), J., concurred.