## No. 12,693.

ANGLETON ET AL v. FRANKLIN FINANCE COMPANY.

(295 Pac. 797)

Decided January 26, 1931.

Mr. FRED W. CUCKOW, for plaintiffs in error.

Mr. CLYDE T. DAVIS, for defendant in error.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

L. L. ANGLETON and Herschel Yeargan, plaintiffs in error, hereinafter referred to as plaintiffs, comakers on a promissory note payable to the Franklin Finance Company, a corporation, defendant in error, hereinafter referred to as defendant, brought an action in the county court to cancel their liability thereon. Plaintiffs were successful in the county court, and defendant appealed

to the district court, where, upon trial to the court, judgment was entered in favor of defendant. Plaintiffs prosecute this writ to review the judgment of the district court, contending that the loan was made in violation of the provisions of chapter 63, C. L. 1921, regulating loans of $300 or less, usually referred to as the Money Lenders Act; if so, the judgment must be reversed, otherwise, affirmed.

One Rodman, on December 6, 1927, made a written application to defendant for a loan, and presented plaintiffs as comakers of his promissory note. Defendant granted the application, and the statement showing the distribution of the loan is as follows:

Cash ............................$301.00
Int. .............................  25.00
Bkg. ...................... ..........  30.00

Loan ...........................$356.00

The loan was evidenced by a promissory note for $356, the total of the items above, and was payable in ten equal monthly installments of $35.60 each, due on the third of each month beginning with January, 1928, and under this arrangement four monthly installments were paid. On May 7, 1928, Rodman paid defendant $213.60 on this note, and, thereupon, it was marked "Paid" and surrendered to him. The payment on May 7, 1928, was accomplished in the following manner: Rodman, with plaintiffs, applied to defendant for a new loan, and in the application therefor stated, "To pay the loan in full now held by Company." The application was otherwise in blank, and, at the time of signing it, plaintiffs also signed a promissory note in blank, and delivered the application and the note to Rodman. The new note was made for the sum of $365, and the application properly filled out for that amount; by whom is unimportant under our view of the transaction. The statement on the second loan appears as follows:

```
Old note ........................$213.60
Bkrg. ...........................  30.00
Int. ............................  30.00
Cash ............................  91.40
                                 ---------
Loan ...........................$365.00
```

If the balance due on the old note was $213.60, this, in addition to $91.40, the amount admittedly paid Rodman, would make the new loan $305. This would not come within the provisions of chapter 63, supra. However, the monthly interest due on the first note was $2.50, therefore, on May 7, 1928, when the first note was paid, a credit of $12.50 for unearned interest should have been given, in which event the amount then due was $201.10, instead of $213.60. The sum of $201.10 and $91.40 makes $292.50, which was the amount of defendant's loan to Rodman on May 7, 1928.

The amount which the lender actually loans the borrower will determine whether or not the transaction comes within the purview of c. 63, C. L. 1921; *Beneficial L. & I. Co. v. Ira,* 75 Colo. 379, 381, 226 Pac. 136.

It is evident, throughout the entire transaction, that defendant was attempting to avoid the consequence of a violation of the Money Lenders Act (c. 63, C. L. 1921).

The amount of the loan being under $300, and defendant having made charges in addition to the statutory amount fixed under the provisions of chapter 63, supra, the contract is void and the note is unenforceable. Under these circumstances, judgment should have been entered for the plaintiffs.

Judgment reversed, and the cause remanded, with directions to the district court to enter judgment in favor of plaintiffs.

Mr. Chief Justice Adams, Mr. Justice Campbell and Mr. Justice Hilliard concur.