[S. F. No. 13493. In Bank.—October 29, 1931.]

J. M. WILSON, Appellant, v. J. E. FRENCH COMPANY, Respondent.

Arthur H. Barendt for Appellant.

G. J. Irwin for Respondent.

PRESTON, J.—Plaintiff purchased from defendant on June 21, 1927, an automobile known as a Dodge cabriolet, under a conditional sales contract, paying thereon $309 in cash and agreeing to pay the sum of $67.97 on the twenty-first day of each and every month thereafter for a

period of eighteen months. In arriving at the gross sum to be charged for said car there was included the ordinary cash price of $1195; extra tire, $25; insurance of various types, $125.95, and a carrying charge, sometimes called interest charge, of $186.51, making a total of $1532.46. Plaintiff paid the July, August and September installments and on or about September 21st took the car and left it at defendant's place of business and thereafter she brought this suit, claiming the right to rescind the contract and praying for return to her of said cash items paid to defendant.

Plaintiff based her claims first upon the ground that she was induced to enter into the contract by fraudulent misrepresentations and second because of presence in the obligation of usury by reason of the fact that said item of $186.51 above mentioned was alleged to be approximately twenty-four per cent interest on the legitimate principal chargeable to plaintiff.

The answer put the allegations of the complaint at issue and the cause came on for trial in the court below, resulting in findings by that court that all the allegations of the complaint essential to a recovery were untrue. Judgment accordingly went for defendant and plaintiff appealed.

We have examined the entire record. Ample evidence supports the finding that fraud was not practiced in any form upon appellant. This reduces her appeal to the sole question of whether or not said item· of $186.51 above referred to was in fact usury and for that reason entitles her to a rescission of the contract. That such an item, whatever it may be called, is not usury in a *bona fide* conditional sales contract, is now well settled. As early as *Verbeck* v. *Clymer*, 202 Cal. 557, 563 [261 Pac. 1017, 1019], this court enforced the following doctrine announced in 27 R. C. L., pages 213–215:

"On principle and authority the owner of property, whether real or personal, has a perfect right to name the price on which he is willing to sell, and to refuse to accede to any other. He may offer to sell at a designated price for cash or at a much higher price on credit, and a credit sale will not constitute usury however great the difference between the two prices, unless the buying and selling was a mere pretense; and it has been held that it is not material

that the agreement for the purchase price in the future, instead of specifying the whole sum then to be paid, names a particular sum as principal, and declares that it shall draw interest at a rate which, were the transaction a borrowing and lending, would clearly be usurious . . . " This holding has been followed in *Berger* v. *Lodge*, 90 Cal. App. 19 [265 Pac. 515], and *Pacific Finance Corp.* v. *Lauman*, 95 Cal. App. 541 [273 Pac. 48], and perhaps in other cases.

The essence of the situation is that the transaction is not a loan. *Liebelt* v. *Carney*, 213 Cal. 250 [78 A. L. R. 405, 2 Pac. (2d) 144], is an illustration of where a conditional sales contract may be used to camouflage a loan but we have no such situation here. The cash price and the term sale price may logically differ. In an automobile transaction, where the article sold is depreciating, it is perfectly legitimate, if not necessary, that a rather wide margin exist between the cash price and the term price, especially where the down payment is small and the possession of the car is given to the purchaser. The action of this appellant in making a few small payments, using the car four months and then abandoning it to the seller, confirms the wisdom of this difference.

The judgment is affirmed.

Waste, C. J., Shenk, J., Langdon, J., Curtis, J., Seawell, J., and Richards, J., concurred.