## No. 13,307.

### GILBERT v. HUDGENS.
(22 P. [2d] 858)

Decided May 15, 1933. Rehearing denied June 12, 1933.

Mr. PAUL L. LITTLER, for plaintiff in error.

Mr. L. C. KINIKIN, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as Gilbert and defendant in error as Hudgens.

Gilbert sued Hudgens in a justice of the peace court on a promissory note for $103, payable at $10 per month, and attached an automobile. The suit was dismissed at plaintiff's costs and an appeal was taken to the county court. There it was tried to the court, without a jury. General findings were for Hudgens and he had judgment for costs and the dissolution of the attachment. To review that judgment Gilbert prosecutes this writ and asks that it be made a supersedeas. Both parties request final disposition of the case on this application.

Three auomobiles were involved in the transaction culminating in this litigation. For convenience we refer to these as A, B and C respectively. Hudgens owned A. He bought B of Gilbert and partially paid for it with A and some cash. The balance then due was $100. On this amount Hudgens sought time and Gilbert agreed, upon conditions. These involved a mortgage on B, which Hudgens was to retain and use, a "finance fee," insurance and interest. The total so agreed upon was $135.60. For that amount Hudgens gave a note secured by a chattel mortgage on B. The note was payable in monthly installments, the last on November 10, 1930. But one payment was made thereon. Four months after the last installment was due Hudgens turned B over to Gilbert and took up his first note with the one here involved. Gilbert afterwards sold B for $30. Shortly thereafter Hudgens bought C. Twenty-one months now passed during which Hudgens paid nothing. Gilbert thereupon brought this suit and attached C. The original note specified no interest, interest having been figured into its face. The present note bears interest at the rate of ten per cent from date. Hudgens defenses were: (1) That the af-

fidavit in attachment was void; (2) that C was exempt under section 5915, C. L. 1921; (3) that the note sued on was usurious and in violation of section 3797, p. 1117, C. L. 1921. The only assignment worthy of notice here is that the judgment is not supported by the evidence.

■ 1. Our statute, section 6091, p. 1602, C. L. 1921, specifies, in ten paragraphs the allegations, some of which must be contained in an affidavit to support a writ of attachment in actions in justice of the peace courts. The affidavit here in question ingeniously divides these into twenty-two, and sets forth every one of them. A simple inspection of the statute will disclose the inconsistency and absurdity of such an affidavit. *McCraw v. Welch,* 2 Colo. 284, 289. The record suggests, but does not contain, a traverse of the affidavit. If such there was it was stricken on motion and no cross-error is assigned. Objections to the affidavit were thus waived. The writ stands. *Rice v. Hauptman,* 2 Colo. App. 565, 31 Pac. 862.

2. If C was exempt that fact is not shown by the record.

■■ 3. Assuming that said section 3797 is otherwise applicable to this transaction, it should be borne in mind that the burden of proving usury devolves upon him who alleges it. 39 Cyc., p. 1050, §5. The original note provided for certain penalties in case of default in payments. The universal rule seems to be that such provisions do not make the contract usurious. 39 Cyc., p. 953, §2.

Parties are entitled, irrespective of usury statutes, to make such "spread" as they may agree upon between cash and credit price, and the percentage of that spread is immaterial. This rule is particularly applicable to credit sales of rapidly depreciating property, such as automobiles, when the down payment is small and the purchaser takes possession. *Davidson v. Davis,* 59 Fla. 476, 52 So. 139, 28 L. R. A. (N. S.) 102; *Atlas Co. v. Copeland,* 124 Kan. 393, 260 Pac. 659; *Wilson v. J. E. French Co.,* 214 Cal. 188, 4 P. (2d) 537.

Searching the record before us, in the light of these general principles, for evidence which will support the conclusion that this note is void because usurious (the only theory on which Gilbert could fail), we find no such support. The following Colorado cases, cited by counsel for Hudgens, contain nothing which militates against the conclusion so reached. *Beneficial L. & I. Co. v. Ira,* 75 Colo. 379, 226 Pac. 136; *Rice v. Franklin L. & F. Co.,* 82 Colo. 163, 258 Pac. 223; *Angelton v. Franklin F. Co.,* 88 Colo. 322, 295 Pac. 797.

So far as substantial justice fails herein Gilbert, not Hudgens, is injured. Of his original debt of $135 the latter has paid but $41. With interest only at the rate permitted by the statute the original $100 at least, would still be due after the lapse of three and one-half years.

The judgment is reversed and the cause remanded with instructions to enter judgment for Gilbert.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BOUCK concur.