No. 13,500.

CADY L. DANIELS, INC. *v.* FENTON.
(50 P. [2d] 62)

Decided September 30, 1935.

Messrs. VAN CISE & ROBINSON, Mr. ROBERT D. CHARLTON, for plaintiff in error.

Mr. CHARLES J. SIMON, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE defendant in this action, Mrs. Fenton, bought of the plaintiff Daniels, Inc., a corporation, an used automobile at an agreed purchase price of $351, upon which she paid $47 in cash at the time of purchase, leaving a balance due plaintiff of $304, payment of which amount to plaintiff she secured by a chattel mortgage on the purchased automobile. Thereafter plaintiff sold this balance due,

as evidenced by the written contract, to the General Motors Acceptance Corporation, guaranteeing its payment. This contract was subsequently defaulted and thereupon the plaintiff corporation paid the amount due thereon to the holder by the terms of the sale and thereby reacquired ownership of the defaulted paper instrument. In the pending action by plaintiff on this instrument against defendant Fenton, the district court denied plaintiff any relief, apparently on the ground that since the note—or rather the chattel mortgage, as no note was given—included a further charge of $36, which exceeded twelve per cent per annum on the unpaid balance, this made the contract in question usurious. The trial court thereupon dismissed plaintiff's complaint on the ground, as above indicated, that the instrument sued upon constituted a loan of money or credit at a usurious rate of interest, in violation of the money lenders statute of Colorado, sections 3781 to 3801, C. L. 1921, entitled, "Money Lenders," which restricts to twelve per cent per annum the legal rate of interest or charge to be made "upon the loan, use or forbearance of money" or credit where, as here, the sum loaned is less than $300.

The defendant claims that the contract and chattel mortgage here involved are void and unenforceable under the provisions of the statute in question. Since the defendant waived all other defenses that she might have to the complaint and relies solely upon the defense that our Money Lenders Act makes this contract void and unenforceable against her, we restrict our opinion to the question concerning the so-called validity of this act. The accuracy of the foregoing statement of the character of the action and the proceedings thereon up to final judgment, including the salient facts as found by the trial court, are not questioned by the defendant in her brief and we, therefore, assume that judgment of the trial court in dismissing plaintiff's complaint and in rendering judgment against the plaintiff and in defendant's favor was based solely upon such alleged invalid ground. It

is, we think, apparent that the trial court's findings were as above stated, and that they constitute the reasons which governed it in rendering judgment for the defendant. We quote the trial court's findings as follows: "That the car for which the note involved in this action was given, was sold by plaintiff to defendant for $295.00, to which was added a charge of $3.00 for papers and recording and $17.00 for insurance, making a total of $315.00, which was credited with a cash payment and a second-hand car in the amount of $47.00, making the net amount of $268.00."

The above is a summary of the opening brief of the plaintiff in error, plaintiff below, whose sole contention is that the trial court committed prejudicial error in applying the money lenders statute to the sale of an automobile on credit. Plaintiff relies upon *Gilbert v. Hudgens*, 92 Colo. 571, 22 P. (2d) 858, a case which it says is similar to the present one. The court at page 573 of that opinion said, in reference to what was attempted to be done in that case, the following, which the plaintiff here claims is conclusive that the trial court in the pending action was misled in its judgment: "Parties are entitled, irrespective of usury statutes, to make such 'spread' as they may agree upon between cash and credit price, and the percentage of that spread is immaterial. This rule is particularly applicable to credit sales of rapidly depreciating property, such as automobiles, when the down payment is small and the purchaser takes possession. *Davidson v. Davis*, 59 Fla. 476, 52 So. 139, 28 L. R. A. (N. S.) 102; *Atlas Co. v. Copeland*, 124 Kan. 393, 260 Pac. 659; *Wilson v. J. E. French Co.*, 214 Cal. 188, 4 P. (2d) 537."

Plaintiff's contention, as stated in its own language, is thus summarized: "The rule that a sale of goods on credit (which is the case here) does not come within the prohibition of usury statutes, because such sale does not involve the loan or forbearance of money or credit, in line with Gilbert v. Hudgens, supra, is of universal application." Other cases upon which plaintiff below, plain-

tiff in error here, relies for reversal are collated in notes in 48 A. L. R. 1442 and 57 A. L. R. 880.

The judgment is reversed, the cause is remanded to the district court with directions to set aside its judgment and render judgment for plaintiff as demanded in its complaint.

MR. CHIEF JUSTICE BUTLER specially concurs. MR. JUSTICE YOUNG not participating.

MR. CHIEF JUSTICE BUTLER, concurring.

The reversal of the judgment is right. The defendant pleaded that the transaction was usurious under chapter 159, Session Laws of 1919, being sections 3781 to 3801, both inclusive, of Compiled Laws. The district court upheld the plea and dismissed the suit. Thereafter this court held, in *Gronert v. People,* 95 Colo. 508, 37 P. (2d) 396, that the statute pleaded as a defense was unconstitutional and void. The defense not being good, it was error to dismiss the suit.

MR. JUSTICE BOUCK concurs herein.