**LEDERMAN ENTERPRISES, INC., a Colorado corporation, Plaintiff,**

**v.**

**WESTINGHOUSE CREDIT CORPORATION, a Delaware corporation, Defendant.**

Civ. A. No. C–3945.

United States District Court, D. Colorado.

Aug. 31, 1972.

Atler, Haligman & Atler by Edward I. Haligman, Denver, Colo., for plaintiff.

Holland & Hart by Edwin S. Kahn, Denver, Colo., for defendant.

## OPINION AND ORDER

CHILSON, District Judge.

This action was originally commenced in the state district court in the City and County of Denver and was removed to this Court on the ground of diversity of citizenship which is admitted.

The action is for treble damages resulting from defendant's collection of alleged usurious interest from the plaintiff.

The complaint alleges in essence that in November 1970, the plaintiff issued and delivered to the defendant its promissory note in the amount of $500,000, bearing interest at the rate of 14% per annum with principal and interest amortized in 59 monthly installments of $7,764.00 each and a 60th and final installment for the balance. The note contained the following prepayment provision:

"Prepayment will not be permitted during the first loan year. Upon 30 days' written notice to Westinghouse Credit Corporation, the outstanding principal balance may be paid during the second loan year upon payment of a premium in an amount equivalent to 5% of the principal balance outstanding, 4% during the third loan year, 3% during the fourth loan year, and 1% during the fifth loan year."

In November 1971, the plaintiff decided to prepay the note in full and defendant refused to accept prepayment unless the plaintiff paid the prepayment penalty as provided in the note. The

plaintiff objected, but on November 30, 1971, paid the balance of the principal, accrued interest, and a prepayment premium of $23,513.82. Plaintiff claims the amount charged by the defendant exceeded the maximum amount of interest allowable by $21,480.62 and plaintiff seeks damages under a Colorado statute for three times that amount.

Colorado law applies. The statutes in question are C.R.S.1963, 73–2–5 and 73–2–7. 73–2–5 provides in pertinent parts:

"Interest rate.—No person shall charge or receive a greater rate of interest upon any loan or upon any unpaid balance after any partial payment on any loan made by him than two per cent per month on the actual amount of the loan, and this charge shall cover all expenses, demands, and services of every character, including notarial and recording fees and charges, except upon the foreclosure of the security. The foregoing interest or foreclosure expenses shall not be deducted from the principal of loan when same is made."

73–2–7 provides:

"Treble damages.—Every person who, for any loan, or forebearance, shall have paid or delivered any greater sum or value than is allowed to be received, by himself, or by his personal representative, may recover in an action in any court of competent jurisdiction against the person who shall have taken or received the same, or against his personal representatives, treble the amount of the money so paid or value delivered above the rate aforesaid, together with the costs of the suit to be fixed by the court, provided such action shall be brought within one year after the date of such payment or delivery."

The question presented is whether or not the collection of the prepayment premium constitutes the charging and receiving of usurious interest, as defined by 73–2–5.

This appears to be a question of first impression, as counsel have cited no Colorado Supreme Court decision directly in point and we have found none.

The general rule in other jurisdictions is disclosed by the annotations in 130 A.L.R. Page 73 and 75 A.L.R.2nd Page 1268, to be:

"Although the decisions are not numerous, the courts in a majority of the jurisdictions in which the question has arisen hold that a loan transaction which would be free from usury if the loan were paid at the agreed maturity is not rendered usurious by the borrower's voluntary prepayment of the loan before maturity, even though, by reason of such prepayment, the amount of interest received by the lender exceeds lawful interest computed to the date the loan was paid, provided, of course, that the total interest received by the lender does not exceed lawful interest computed to the maturity date stipulated in the loan contract."

The general rule is stated in 91 C.J.S. § 31d, page 610 as follows:

"A provision in a note or contract for the payment of money permitting the payment of the principal sum before its maturity at the debtor's option, on payment of interest to the date of the payment and a bonus in addition, is not usurious."

The Court is of the opinion that the Colorado Supreme Court would follow the general rule for the following reasons. In Gilbert v. Hudgens, 92 Colo. 571, 22 P.2d 858, a claim was made that penalties provided in case of default in the payment of a note was not usurious under the Colorado statute. The Court said:

"The original note provided for certain penalties in case of default in payments. The universal rule seems to be that such provisions do not make the contract usurious."

More nearly in point is a decision of the Colorado Court of Appeals in Beeler v. H & R Block of Colorado, Inc., Colo. App., 487 P.2d 569 (1971). The Court

in reviewing a contract which provided for the payment of interest plus a percentage of the gross receipts of a business held:

"An agreement is not ipso facto usurious because of the mere possibility that more than the legal interest will be paid. It is the general rule that 'a loan in consideration of a share in profits, income, or earnings, in lieu of, or in addition to, interest, is not usurious, in the absence of certainty that the arrangement would produce a return in excess of the legal rate of interest, though the principal is to be repaid in any event.' Annot., Agreement for Share in Earnings of or Income from Property in Lieu of, or in Addition to, Interest as Usurious, 51 A.L.R. 552. In M. Lowenstein & Sons, Inc. v. British-American Mfg. Co., 2d Cir., 7 F.2d 51, the court stated:

' * * * Usury cannot be established unless there be shown a definite agreement to pay, in any event, an amount in excess of the legal rate of interest, and where, as here, the legal rate of interest is less, an agreement to pay additional sums which may or may not make the amount greater, would not of itself render the transaction usurious.'

See Schiff v. Pruitt, 144 Cal.App.2d 493, 301 P.2d 446."

We realize that the Court of Appeals does not speak for the Supreme Court in an opinion not selected for official publication. However, the opinion is entitled to some consideration in determining the law of the State of Colorado in the absence of a controlling decision of the Colorado Supreme Court.

■ Applying the foregoing rule to the facts of this case, we find that the total amount paid by plaintiff, including the prepayment penalty, was less than $600,000. If plaintiff had not prepaid the note and had continued the payments over the five-year term of the note, the payments would have amounted to almost $800,000. Hence, the defendant did not charge and receive more than the principal and interest of the note computed to the maturity date stated in the note.

We conclude that the amount charged and received by the defendant in payment of the note here involved was not in violation of the Colorado statute 73–2–5.

The defendant has moved for a summary judgment for dismissal of the complaint. Since there is no genuine issue of material fact, this is a proper case for the disposition action upon the motion for summary judgment.

It is therefore ordered that the defendant's motion for summary judgment of dismissal of the complaint is granted and judgment of dismissal of the complaint shall forthwith enter.