## ELIZABETH GAUCH
### v.
## THEOPHILUS HARRISON.

1. INDIVIDUAL LIABILITY OF A STOCKHOLDER.—Where a stockholder of an insolvent bank was sued under a clause of a special charter of a bank providing that "whenever default shall be made in the payment of any debt or liability contracted by the corporation, the stockholders shall be held individually responsible for an amount equal to the amount of stock held by them respectively," by an admitted creditor of the bank, and it appeared

that defendant had purchased claims against the bank at a discount and had them canceled. *Held*, that the defendant, in satisfying his individual liability, should be allowed only the amount he actually paid for such claims, and not their face value.

2. STATUS OF STOCKHOLDER.—A stockholder occupies the *status* of a partner to the extent of his individual liability, and as a partner he must answer to the amount of his stock for the debts of the corporation.

3. BANK CHARTER, LIABILITY CLAUSE CONSTRUED.—This liability clause should receive a liberal construction. Its object is to protect those who deal with the bank, and who rely upon the financial ability of the stockholders. It would be a narrow construction to hold that the responsibility "for an amount equal," etc., can be discharged by taking up at a discount the paper of the bank, and turning it in as a defense at its face value. The stockholder can not thus speculate at the expense of the creditor.

4. PRACTICE—PLEADING.—When a plea confesses the action and does not sufficiently avoid it, judgment should be given on the confession without regard to a verdict for the defendant. In this case, although the pleadings admit that the claims were purchased at a discount, yet as it does not appear for how much less, and there is not any issue under which it is relevant to ascertain the amount, a repleader should be awarded.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 13, 1883.

Mr. W. C. KUEFFNER, for appellant; cited Private Laws of Ill. 1869.

A stockholder subject to individual liability can only discharge himself by *paying* and *extinguishing* the claim of some creditor of the corporation, who has a legal right to call upon him for that purpose, and he can not set off his own claim or pay himself: Buchanan v. Meisser, 105 Ill. 638; Thompson on Stockholders' Liabilities, § 381; Matter of Empire City Bank, 18 N. Y. 199; Lawrence v. Nelson, 21 N. Y. 158; Hillier v. Allegheny Co. Ins. Co. 3 Penn. 470; Matthews v. Albert, 24 Md. 527; Grose v. Hilt, 36 Md. 22; Sawyer v. Hoag, 84 U. S. (17 Wall.) 623; Arenz v. Weir, 89 Ill. 25; Craig's Appeal, 92 Penn. 396; Gentry v. Alexander, 16 Ind. 471.

No action to enforce the liability of a stockholder can be brought by an assignee or receiver; this liability can only be enforced by a creditor: Wincock v. Turpin, 96 Ill. 136; Thompson on Stockholders' Liabilities, § 342.

Gauch v. Harrison.

Mr. CHARLES W. THOMAS, for appellee.

WALL, J. The appellant brought an action against the appellee, counting upon the liability of the latter as a stockholder in The People's Bank of Belleville. The bank was a corporation under a special charter, which provided (Sec. 9.) that "whenever default shall be made in the payment of any debt or liability contracted by the corporation, the stockholders shall be held individually responsible for an amount equal to the amount of stock held by them respectively."

The declaration alleged that the plaintiff held certificates of deposit of the bank amounting to $950, which were due and unpaid; that the bank was insolvent and in the hands of an assignee, and that defendant was a stockholder to the extent of $2,000.

The defendant filed several pleas admitting the facts alleged by plaintiff, and setting up, as a defense in substance, that after the assignment, while defendant held the stock aforesaid, and before he was summoned in this suit, he bought up certain other certificates of deposit issued by the bank, aggregating an amount equal to his stock, and delivered said certificates to the assignee who accepted them as a payment of the bank indebtedness and marked them paid.

To these pleas plaintiff replied—1st, denying the allegations generally; 2d, averring that the said certificates were bought by defendant in bad faith for the sole purpose of escaping liability, after the insolvency of the bank, and after he had notice of the commencement of the suit, at a discount and for a sum much less than the amount due thereon, and less than the amount of defendant's liability as a stockholder. To the latter replication the defendant rejoined that he had not bought the certificates in bad faith and for the purpose of escaping, but for the purpose of discharging his liability, nor had he bought after notice of this suit.

Upon the issues as thus made up, the case went to trial and a verdict was found for the defendant. It is proper to say there were other affirmative pleas upon which there was issue, but we assume that the issues already stated were those to

which the evidence was directed and on which the case was really tried. A motion for a new trial was denied, as was a motion for judgment *non obstante veredicto*. The plaintiff brings the record to this court and assigns various errors upon the rulings and proceedings in the trial court.

It is urged by the appellee that upon the issues as presented by the pleadings, the verdict was properly found. Assuming this to be true, the question arises, whether any sufficient defense appears on the pleadings above referred to and whether the plaintiff was not entitled to a judgment upon the whole record.

" When a plea confesses the action and does not sufficiently avoid it, judgment shall be given on the confession, without regard to a verdict for the defendant, which is called a judgment *non obstante veredicto*, and in such case a writ of inquiry shall issue." 2 Tidd's Practice, 920.

It was held in the case of Meisser v. Thompson, 9 Bradwell, 368, that a stockholder in this bank could not interpose as a defense that he was himself a creditor of the bank, the position of the stockholder being regarded as that of a partner to an amount equal to his stock.

In the recent case of Buchanan v. Meisser, 105 Ill. 638, the Supreme Court of this State, considering the clause of this charter above quoted, say that the effect of it "is simply to withdraw from the stockholders to an amount equal to the amount of stock held by them respectively the protection of the corporation and leave them liable as partners."

It was further said in that case that if a stockholder has been sued and judgment has gone against him to the full amount of his stock he is liable to no further demands in that regard, and since one owes a duty to pay where he is liable as well without as with suit, a voluntary payment will extinguish liability in all cases where the creditor might sue at law.

In the present case, had the defendant set up merely that he was a creditor of the bank at the time of the failure, and had since canceled the debt, it would have been held no defense under the rule announced in Miesser v. Thompson, *supra*.

Does he occupy a better position if he acquires the paper of the bank after its failure? If the theory and policy of the law be as assumed in the cases above cited, we think not. He may go to a creditor and *pay* his claim, but it does not answer the same purpose to *buy* it and *hold it in his own right*.

It is shown by the pleadings in this case that defendant intending to relieve himself of liability, bought certain claims at a discount and for a sum less than the amount of his stock liability, and afterward, before notice of this suit, canceled the claims by delivering them up to the assignee.

Supposing this was done for the *bona fide* purpose of extinguishing the claim against the bank in discharge of his own liability, what is the legal effect of the transaction? Bearing in mind that he is held "responsible *for an amount* equal to the amount of his stock" and that in respect to this responsibility his *status* is that of a partner, it would seem that the result would at most be no more than to relieve him to the amount paid out by him for the paper so taken up and canceled.

This liability clause should receive a liberal construction. Its object is to protect those who deal with the bank and who rely, as they well may, upon the financial ability of the stockholders. It would be a narrow construction to hold that the responsibility "*for an amount equal*," etc., can be discharged by taking up at a discount the paper of the bank and turning it in as a defense at its face value.

It was not intended that the stockholders should thus speculate at the expense of the creditor.

The stockholder occupies the *status* of a partner, as has been said in all the cases. As a partner he must answer to the extent of his stock for the debts of the corporation. Let us suppose that a few of the stockholders have in this way taken up all the claims held by non-stockholders; some at one rate, some at another, but all at a discount, and that an account is to be taken among them and between them and the stockholders who have contributed nothing in this way, what amount could each stockholder set up against his fellow-stockholders or the corporation?

Gauch v. Harrison.

Manifestly the account would be on the basis of the sum actually paid out by each regardless of the face of the claims so taken up, for it would be grossly inequitable that one partner should charge his co-partners or the firm more than he had actually expended and thus make a profit for himself in a matter where he was bound to use his best efforts for the common benefit.

So in this case, if the defendant bought these claims at a discount he would be allowed on a settlement with his co-partners no more than his real outlay and it would be unreasonable to hold that he could charge the creditor for whose especial protection this liability was devised, more than he could charge his co-partner.

Entertaining these views we hold that no sufficient defense to the whole of the plaintiff's demand was disclosed by the pleadings to which we have referred, and which present the only defense supported by the proofs, and that at best the defendant could, by the transaction disclosed, reduce his liability by no more than the amount paid for the indebtedness which he has conceded; and this, of course, pre-supposes he was acting in good faith for the purpose he avows. By the pleadings it is admitted the claims were purchased at a discount, and for less than his full liability, but for how much less is not shown, nor is there any issue under which it is relevant to ascertain the amount. The judgment must be reversed, and it would seem that there is such a condition of the pleadings as make it proper to award a repleader to the end that the alleged defense may be more perfectly stated. 2 Tidd's Practice, 922.

Judgment reversed and cause remanded.

Reversed and remanded.