Joseph H. Strong, Administrator, Appellee, v. Robert J. Gunning, Appellant.

Gen. No. 14,963.

1. CONTRACTS—*when deemed written.* An acceptance of an assignment of a written lease makes a contract in writing between the lessor and the assignee of the lessee.

2. JUDGMENTS—*when non obstante veredicto would be justified.* If an immaterial issue has been formed a judgment *non obstante veredicto* might properly be rendered.

3. VARIANCES—*when lease properly admitted. Held,* that it was not necessary to set out all the provisions and covenants of a lease to avoid an objection of variance and that the lease offered under the declaration in this case was properly admitted.

4. PRACTICE—*when propositions of law should be presented.* Propositions of law should be tendered to the trial judge prior to the announcement of his finding, and a party is not entitled as a matter of right to be allowed time, after the decision of the court was announced, for the presentation of propositions of law.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 1, 1910. Rehearing denied March 21, 1910.

HENRY W. WOLSELEY, for appellant; WOLSELEY & BARKER, of counsel.

H. H. C. MILLER and W. S. OPPENHEIM, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $2,867 recovered against him by the plaintiff as administrator of Paul J. Sorg, in an action of *assumpsit*.

The declaration contains two counts. The first is as follows: ''For that whereas the said Paul J. Sorg, heretofore, to wit, on the 28th day of February, 1890, at Chicago, in said County, demised by a written lease to one William J. Gunning, a certain messuage and premises with the appurtenances, to have and to hold the same for the term of 99 years to wit, from the 28th day of February, 1890, until the 28th day of February, 1989, yielding and paying for the said messuage and premises the yearly rental of $1,800, payable in quarterly installments of $450 each in advance, upon the first day of each and every quarter of said term until the completion of said term by virtue of which said demise the said William J. Gunning entered into the premises and was possessed thereof from thence until, to wit, the 10th day of March, 1890, upon which said last mentioned date the said written lease was assigned by the said William J. Gunning to the defendant, Robert J. Gunning, and the written assent of the said Paul J. Sorg was given to such assignment, and thereupon, the defendant, Robert J. Gunning, entered into the premises and was possessed thereof and kept and retained possession of said premises until, to wit, the 23rd day of July, 1898, when a large sum of money, to wit, the sum of $3000.00 became and was due and payable from the said defendant to the said Paul J. Sorg.''

The second count is the common count for use and occupation, and alleges that the defendant was in-

debted to plaintiff's intestate for the use of certain lands, etc.

The pleas were, first, *non-assumpsit;* second, a plea of the Statute of Frauds to the first count; that the agreement in that count mentioned was not to be performed within one year, and that there was no agreement in writing in respect thereto, etc.; third, that the assignment of the lease in the first count mentioned was a contract for the sale of an interest in lands for a longer term than one year, and that there was no agreement in writing in respect thereto, etc., and fourth, that the said causes of action in the declaration mentioned did not accrue within five years next before the commencement of the suit, etc.

To the second plea the plaintiff replied *precludi non,* "because he says that each and every one of the said several promises was an agreement in writing, and signed by the said Paul J. Sorg, as alleged in the first count of the plaintiff's declaration, and assigned and delivered to the defendant as therein alleged, and accepted by the defendant, and this plaintiff prays may be inquired of by the country, etc."

To the third plea he replied *precludi non,* "because he says that the assignment of said lease mentioned in the first count of plaintiff's declaration, was in writing, and signed by Paul J. Sorg, as alleged in said first count, and delivered to the defendant, and accepted by him, and of this the plaintiff puts himself upon the country, etc."

To the fourth plea plaintiff replied that the said causes of action did accrue within five years, etc., concluding to the country.

Defendant demurred to the replications to the second and third pleas and his demurrers were overruled.

The cause was tried without a jury and the court found the defendant *"guilty"* and assessed plaintiff's damages at $2,857 and gave judgment on the finding.

The first count avers that the written lease from

Sorg to William J. Gunning was assigned by the lessee to the defendant, who entered into possession, etc. An acceptance of the assignment of the written lease by defendant made the lease a contract in writing between Sorg and defendant, and the first count is therefore a count on a contract in writing. We think the court did not err in overruling the demurrers to the replications to the second and third pleas.

The plea that the causes of action did not accrue within five years was no bar under the statute, because the first count counted on a contract in writing. From this state of the pleadings it follows that the issue made by the replication to the fourth plea was an immaterial issue. The plea confessed but did not avoid the cause of action stated in the first count, and therefore if there had been a verdict for the defendant on this issue, plaintiff would, if entitled to judgment on the issue joined on the first plea, be entitled to judgment *non obstante veredicto* and is in no worse condition than if there had been a verdict found against him on this issue.

The suit was brought July 3, 1905, defendant's pleas were filed March 9, 1906, and the cause was called for trial July 7, 1908. Defendant then moved for a continuance on the ground that no copy of the instrument sued on was filed with the declaration, and his motion was denied. He was not entitled, several terms after filing his pleas, to a continuance under the provisions of section 32 of the Practice Act.

The lease offered in evidence by the plaintiff was a lease by Paul J. Sorg and S. Jennie Sorg, his wife, to William J. Gunning, and the lease counted on was a lease by Paul J. Sorg to said lessee. The lease offered in evidence contained numerous covenants by the lessee, while the declaration alleged only the covenant to pay rent. Defendant objected to the introduction of said lease on the ground of variance, and his objection was overruled and the lease admitted. We think that as the lease was for the term of 99

years, the wife of Paul J. Sorg will be presumed to have joined in the lease for the purpose of releasing her right to dower, and that the lease was aptly de-scribed as a lease whereby Paul J. Sorg demised, etc., and that it was not necessary to set out all the provisions and covenants of the lease to avoid the objection of variance.

Plaintiff put in evidence, over the objection of defendant, the lease mentioned on which was endorsed the consent in writing of Paul J. Sorg to the assignment thereof by the lessee to the defendant, dated March 10, 1890, and also put in evidence, over the objection of defendant, an intervening petition filed by said Paul J. Sorg in a certain suit in chancery in the Circuit Court, and an interlocutory and a final decree made in said cause. No other evidence was offered tending to show either an assignment of said lease of the lessee to the defendant, or that defendant was at any time in possession of the premises demised by said lease. The objection to the admission of said assignment was that it was executed only by Paul J. Sorg. We think that for the reasons already stated the court did not err in admitting said assignment in evidence.

The suit in chancery was a bill filed by one Phillips against Robert J. Gunning, Paul J. Sorg and others. The intervening petition of Paul J. Sorg made Robert J. Gunning a defendant thereto and related to the lease in question and to the assignment thereof by the lessee, William J. Gunning, to the defendant here, Robert J. Gunning, and to the amount of rent due Sorg from Robert J. Gunning.

The defendant here prayed and was allowed an appeal from said decrees.

We think that the petition and decrees in the chancery cause were admissible in evidence in this case, although not referred to in any pleading therein.

The findings in the decrees so admitted in evidence

are sufficient to support the finding and judgment in this case.

After the court had announced the finding, defendant's counsel asked the court to wait a day so that he might present propositions of law for the court to pass on, and the court denied the request and at once entered judgment. We cannot say that the defendant was entitled, as a matter of right, to be allowed time, after the decision of the court was announced, for the presentation of propositions of law, and therefore cannot say that the refusal of the court to allow time for such purpose is ground for reversal of the judgment.

The record is, we think, free from error, and the judgment is affirmed.

*Affirmed.*