414

Manufacturers Finance Trust, Appellant, v. Thomas F. Stone, Appellee.

Opinion filed February 1, 1929.

STERN & BURNETT and MONROE OPPENHEIMER, for appellant.

LOUIS BEASLEY and EDWARD C. ZULLEY, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This is a suit in replevin, instituted in the city court of the City of East St. Louis, Illinois, to recover possession of a Flint touring car.

The declaration charged that appellee took the goods and chattels of appellant and unjustly detained the same. Replevin bond was filed, and the automobile taken from appellee's possession after the filing of the suit. Appellee filed pleas of *non cepit* and *non detinet,* together with two special pleas. The first special plea alleged that appellee purchased the automobile in question from the Griesedieck Automotive Service Company (herein referred to as the auto company) for

$1,529, making a down payment of $929 and agreeing to pay the $600 balance in 12 equal monthly instalments; that appellant was then engaged in the money lending business, charging usurious rates of interest, and that the appellant distributed instructions to automobile dealers stating how to add the usurious rate of interest to the deferred payments on sales of automobiles; that the auto company was a customer of appellant, and, pursuant to its said instructions, charged appellee with the usurious rate of interest of $83 on the unpaid balance of $600, and included the total of these two amounts in one note for $683, payable to the auto company, which note appellee signed, and which was secured by a chattel mortgage on the automobile; that the said note provided for the payment of the principal in 12 monthly instalments of $50 each, and the interest in 12 monthly instalments of $7.90 each; that the auto company thereafter indorsed said note, and assigned said mortgage to appellant; that appellee paid all of said instalments except a balance of $41.10, which constituted usurious interest on the $600 balance; that under the statute on usury appellee does not owe said usurious interest and that thereafter appellant was not entitled to possession of the automobile when the suit was started.

The second special plea alleged that appellant lost its right to replevy the automobile for nonpayment of the last instalment for the following reasons: First, because, by accepting some of the prior instalments at times other than the due dates, appellant led appellee to believe that the contract provision for the prompt payment of the last instalment would not be insisted upon; second, because appellant, having accepted $1 more than was due on each of the 10 instalments, and appellee having demanded a statement of the balance due, appellant replevied the car before appellee received such statement or before he could ascertain the exact amount due.

The demurrer to the special pleas was filed and over-ruled, and then appellant filed a general replication to the pleas, and the cause was heard before a jury.

On the trial, appellant offered in evidence a prom-issory note in the principal sum of $683 executed by appellee, payable to the order· of the auto company, which note was secured by a chattel mortgage (offered in evidence) on the automobile in question. The mort-gage provided that the mortgagor might retain posses-sion of the car until default was made, and that, in case of default, the holder of the note would thereupon have the right to take immediate possession of the mortgaged property. The promissory note was pay-able in equal monthly instalments of $56.90 each, the instalments bearing no interest until maturity.

The evidence offered by appellant further showed that the note and mortgage were indorsed and assigned before maturity to appellant by the auto company; that appellee paid 11 instalments of $57.90 each, which was $1 in excess of what was actually due at the time of the payment of these 11 instalments. The 11 pay-ments made by appellee aggregated $636.90, leaving an unpaid balance on the twelfth instalment of $46.10, which was due on June 12, 1925, and that thereafter payment was demanded and refused, whereupon ap-pellant made a written demand upon appellee to turn over the mortgaged property. The car was not de-livered pursuant to the demand, and this replevin suit was instituted.

The evidence further showed that the auto company sold the car in question to appellee, and that the actual cash selling price thereof was $1,495, and the time price was $1,578; that the time price was obtained by adding to the cash price the sum of $83, which figure was ob-tained by reference to a chart which had been furnished by appellant to the auto company some time prior to the transaction in question. It was termed "a carry-

ing" or "finance" charge, and included not only the privilege of buying the machine on credit, but also fire and theft insurance. The note given by appellee represented the balance due on the basis of its time price.

Before the maturity of the note, the appellant purchased the note and mortgage from the auto company for the face value of the note, to wit, $683, less a discount of $83, paying the auto company $600. Appellee did not consult appellant before giving the said note to the auto company, and appellant knew nothing of this particular transaction until after the note was given, and then negotiations were made by the auto company to sell the same to appellant; that appellee had never applied to appellant for a loan, and had never had any negotiations with appellant at the time he gave his note to the auto company.

Witnesses for appellee testified that in buying said note appellant was making a loan through the auto company to appellee; that appellee had overpaid appellant $1 on each of the 10 instalments preceding the last that was due.

Appellee showed by the testimony that, where $600 is lent to be repaid in one year, in 12 monthly instalments, and $83 is realized as profit on a loan, twenty-six and three-fourths per cent interest would be realized.

At the close of the case, appellant filed a motion for a directed verdict, which was denied. Appellant further offered a special instruction withdrawing from the jury's consideration the evidence under the special pleas on the ground that the evidence did not sustain either of the pleas, which were denied by the trial court.

On appellee's motion, the jury was instructed that under the statute of the State of Illinois, a contract for interest for an amount over 7 per cent was usurious, and that any party so contractnig could recover only the principal sum due; that, if the jury found, when suit was instituted, that appellant claimed $46.10, and that this sum constituted a balance on usurious interest

charged by appellant to appellee, then appellee was not required to pay such balance.

A verdict was returned finding the issues for appellee, and that he was entitled to possession of the property described in the writ. Appellant then filed a motion for judgment *non obstante veredicto* for possession of the property, and that judgment be entered for appellee only for the costs of the suit. This motion was overruled by the court, and appellant then filed a motion for a new trial, which was denied, and judgment was entered by the trial court that the right to possession of the automobile was in appellee at the time of the institution of the suit.

It is contended by appellant that there was no evidence of usury in the transaction between the parties, and hence it was error to submit that issue to the jury. The principal question for decision in this case is whether the note, which appellee gave in part payment of his purchase of an automobile, is subject to the claimed defense of usury, in view of the fact that the note was discounted by the payee to appellant at a greater sum than a lawful rate of interest.

In *Clemens v. Crane,* 234 Ill. 215, page 229, it was held by the Supreme Court as follows:

"Usury is defined to be an illegal profit required and received by a lender of a sum of money from the borrower. (Blackstone, 156; Bouvier's Law Dict.) To constitute usury, in contemplation of law, the following essential elements must be present: (1) There must be a loan or forbearance; (2) the loan must be of money or something circulating as money; (3) it must be repayable absolutely and at all events; (4) something must be exacted for the use of the money in excess of and in addition to the interest allowed by law. Some decisions appear to imply that a fifth element should be added, consisting of the intent of the parties or at least of the lender, but it seems to us quite as accurate to say that the intention of the parties as the same appears from the facts and circumstances of the case may

be considered, in connection with the other evidence, in determining whether the essential elements of usury are present in the particular case under investigation. The form of the contract is not conclusive of the question. The desire of lenders to exact more than the law permits and the willingness of borrowers to concede whatever may be demanded to obtain temporary relief from financial embarrassment have resulted in a variety of shifts and cunning devices designed to evade the law. The character of a transaction is not to be judged by the mere verbal raiment in which the parties have clothed it, but by its true character as disclosed by the whole evidence. If, when so judged, it appears to be a loan or forbearance of money for a greater rate of interest than that allowed by law, the statute is violated and its penalties incurred, no matter what device the parties may have employed to conceal the real character of their dealings.''

The proof shows that the actual transaction between the parties was in no sense a loaning of money, which is a necessary ingredient to constitute usury. The contract between appellee and the auto company was a sale on the part of the auto company to appellee as purchaser, in which appellee, being unwilling to pay all cash for his purchase, chose to pay a higher price by way of deferred monthly payments extending over a period of 12 months. These deferred payments were evidenced in the form of a note, secured by chattel mortgage on the car so purchased, and which, as a matter of fact, represented the balance of the purchase price, fixed by the auto company on a basis which would enable it, as payee of the note, to discount it with appellant and realize for the auto company its fixed cash selling price of the car in question.

Appellee was a voluntary purchaser of property which was offered to him under two conditions, one, a cash price and the second, a higher price, if he elected to pay under a deferred monthly payment plan. He elected to take the latter plan, and knew, before he

signed the note and mortgage, that the auto company, as seller, would add an additional sum to the note, which would enable it to discount the paper with a third person, and thereby realize the established price of the car. Thus, appellee was a bona fide purchaser of property, not a borrower of money, and, hence, not within the purview and protection of the usury laws.

In 27 R. C. L. 214, it is said:

''On principle and authority, the owner of property, whether real or personal, has a perfect right to name the price on which he is willing to sell, and to refuse to accede to any other. He may offer to sell at a designated price for cash or at a much higher price on credit, and a credit sale will not constitute usury however great the difference between the two prices, unless the buying and selling was a mere pretense; and it has been held that it is not material that the agreement for the purchase price in the future, instead of specifying the whole sum then to be paid, names a particular sum as principal, and declares that it shall draw interest at a rate which, were the transaction a borrowing and lending, would clearly be usurious; though from this proposition there is a vigorous dissent by some courts. In other jurisdictions contrary decisions are necessitated by statutes placing all agreements for the payment of interest on the same footing, no discrimination being made in favor of those not founded on a borrowing or lending of money. And it is everywhere conceded that when the sale is in fact at an agreed cash price, and the form of a sale on credit is resorted to for the purpose of evading the statute against usury, the transaction will be declared usurious.''

In *Primley v. Shirk,* 60 Ill. App. 312, it was said:

''On a sale of property the parties may make such a bargain as they can agree upon, and there can be no usury charged simply because the price is fixed at one sum if paid at one time, and at another sum if paid at another.

"Discounts, at a rate greater than legal interest, for payment before the credit expires, are constantly allowed in commercial transactions with no thought of usury."

Appellee contends that the discount of the note in question by appellant, whereby it realized more than a lawful rate of interest, is prohibited by the statute on usury.

In *Colehour v. State Savings Institution*, 90 Ill. 152, it was held that it is not usury to buy a note in the course of business at a discount higher than the rate of interest allowed by law. The term "discount," as used in the Usury Statute, Cahill's St. ch. 74, applies to a discount of a borrower's note, and not to the so-called discount when the note is purchased by a third person from the payee of the note.

In 27 R. C. L. 215, § 16, it is held:

"Unless the discounting of promissory notes is by statute declared to be usurious if at a greater rate of interest than permitted by law there is little or no doubt that they, like other property, may be bought and sold on such terms as may be agreed on, and, however small the price paid, the transfer is not usurious if in good faith, and not a mere attempt to disguise a borrowing and lending of money."

Appellee further contends that the transaction is illegal and usurious because appellant furnished the auto company with certain charts indicating at what rate of discount it might purchase notes taken by the auto company in due course of trade, if satisfactory to appellant's subsequent approval as a credit risk.

The proof does not show that there was any privity of contract between appellant and appellee. The facts do not show any relation of principal and agent between appellant and the payee of the note. Appellant knew nothing about the particular sale between appellee and the auto company prior to the making of the note and mortgage in question. What did occur

was that the auto company added the so-called "carrying or finance charge" to appellee's note, and then, without further negotiations with appellee, proceeded, as sole owner of the note, to discount it for cash with appellant, and, in making such discount, the auto company indorsed the note, assigned the mortgage, and delivered the same to appellant, who thereafter proceeded to collect the monthly instalments from appellee. The auto company was no longer interested in the particular transaction, except a possible liability as indorser or guarantor in case appellant was unable to collect from appellee.

A similar state of facts, as to the methods used by dealers in auto cars to finance their transactions by way of discount of notes taken in trade, was considered at length in the case of *General Motors Acceptance Corp. v. Weinrich,* 218 Mo. App. 68, 262 S. W. 425, and held not to violate the Usury Statute of Missouri, which is similar to our statute.

To the same effect are the following cases: *Davidson v. Davis,* 59 Fla. 476, 52 So. 139, 28 L. R. A. (N. S.) 102; *Atlas Securities Co. v. Copeland,* 124 Kan. 393, 260 Pac. 659; *Commercial Credit Co. v. Tarwater,* 215 Ala. 123, 110 So. 39; *Murphy v. Agen,* — Cal. —, 268 Pac. 480; *Cheairs v. McDermott Motor Co.,* 175 Ark. 1126, 2 S. W. (2d) 1111.

The cases of *Mercantile Trust Co. of Illinois v. Kastor,* 273 Ill. 332, and *Dorothy v. Commonwealth Commercial Co.,* 278 Ill. 629, and other similar cases cited by appellee, are not applicable to the facts in the present case, since the sales in those cases were mere shifts and devices between the immediate parties, and, in fact, were really nothing but loans of money between the parties at usurious rates.

We are of the opinion that appellee's first and second special pleas did not state a legal defense, and that the evidence did not support such pleas.

In *Rohe v. Pease,* 189 Ill. 207, it was held that in replevin the plea of *non cepit* puts in issue only the taking of the property, and does not authorize a judgment for *retorno habendo.* That plea and the plea of *non detinet* filed in this case both admitted the property to be in the plaintiff.

It is not sufficient to allege generally that a contract is usurious without setting out the facts that make it so. (39 Cyc. 1042; *Durham v. Tucker,* 40 Ill. 519.)

Appellant, by accepting payments of instalments of its mortgage after they were due, did not thereby waive the right to declare a forfeiture for failure to pay subsequent instalments. (27 Cyc. 1533.)

Appellant contends that, the special pleas of appellant being legally insufficient to constitute a defense, the court erred in not granting appellant's motion for a judgment *non obstante veredicto.*

Where a plea confesses the action and does not sufficiently avoid, judgment shall be given on the confession, without regard to a verdict for the defendant, which is called a judgment *non obstante veredicto.* (*Gauch v. Harrison,* 12 Ill. App. 457; *Strong v. Gunning,* 153 Ill. App. 182.)

The legal sufficiency of appellee's special pleas were raised by appellant's motion for judgment *non obstante veredicto.* (*Ambler v. Whipple,* 139 Ill. 311.)

Where a reversal is for error, occurring after the entry of the verdict, the reviewing court may direct the entry of a proper judgment on remanding the cause. (*People v. Lord,* 315 Ill. 603.)

For the reasons aforesaid, we are of the opinion that the judgment of the city court of East St. Louis should be reversed, and the cause remanded with directions to enter judgment for the possession of the property in question for the appellant *non obstante veredicto.*

> *Judgment reversed and cause*
> *remanded with directions.*