## Philip A. Wernick, Appellee, v. National Bond and Investment Company, Appellant.

### Gen. No. 37,173.

Opinion filed June 20, 1934. Rehearing denied July 9, 1934.

JOHN W. CREEKMUR, NOLAN H. TEPPER and MILTON SILBERG, for appellant.

MAURICE H. HERMAN, for appellee; NEWELL MECARTNEY, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

Plaintiff, National Bond and Investment Company, a corporation, brought its action in the municipal court in replevin to recover possession of a Chevrolet coach.

The court found the right of property in the defendant Wernick and entered judgment, from which judgment this appeal was taken.

The facts disclose that on January 4, 1931, Wernick bought a car from the Garfield-Chevrolet Sales Company, under a conditional sales contract and executed his note for the purchase price. This note was sold by the Garfield-Chevrolet Sales Company to the plaintiff in this suit, National Bond and Investment Company, and on October 12, 1932, there was still due and owing on the contract to purchase the automobile the sum of $150 and there was a default in the payment of one of the instalments amounting to $40.20. On that date Wernick acknowledged in writing the amount still due and the default in one of the payments and asked for an extension of time. The unpaid balance was $150 and the defendant agreed to repurchase the car for the sum of $180, which amount included additional cost to the plaintiff such as insurance on the car and certain other expenses, and executed a new note for that amount. It was further agreed that the defendant was to pay the $180 in instalments of $15 each, without interest. A new conditional sales contract was entered into as of that date and signed by the parties to this suit.

The defendant on the hearing contended that the transaction itself came under the provisions of the Small Loans Act, Cahill's St. ch. 74, ¶ 27 *et seq.*, and that there was usury in the transaction. It is also contended that the transaction was ultra vires and that the facts concerning the extra charges and expenses were entirely within the knowledge of the plaintiff. The contention that the transaction came under the Small Loans Act is untenable. The Small Loans Act contemplates the loan of money and not the sale of a commodity.

By the transaction between the parties here, upon default in the payments under the original sales contract, the plaintiff had the right to enter into a new agreement for the sale of the car, which was done. The plaintiff also had a right to fix a sales price on the car. It was a new transaction between the parties and the purchaser could take it or not as he saw fit. The fact that the price was higher than the balance remaining due under the original purchase did not change the rights of the parties. Plaintiff upon default on the original contract was entitled to possession and could make his new contract at an increased purchase price. Sales do not come under the Small Loans Act unless they are intended as a subterfuge to cover up a loan, which was certainly not the case here. So far as we can see the transaction was equitable. *Manufacturers Finance Trust v. Stone,* 251 Ill. App. 414. Neither was there any usury in the transaction. The seller had the right to make his price.

On the trial of the case testimony was introduced on behalf of the plaintiff showing that the extra charge was for expenses incurred as shown by the records of the company. A charge was made for each item, and included a charge for overhead expenses in conducting the transaction and a charge for insurance on the car under the new agreement. These cost items are not disputed. Neither was the transaction ultra vires. The charter of the company recorded with the recorder of deeds of Cook county was introduced in evidence by the defendant and from this it appears that the company was authorized to deal in bonds, securities, notes, evidences of indebtedness, etc. The purchase of the original note from the Garfield-Chevrolet Sales Company, together with the conditional sales contract, was within the terms of its charter.

In our opinion the municipal court erred in finding the property in the defendant and the judgment will

be and it hereby is reversed and the cause remanded with directions to enter judgment in favor of the plaintiff and to do such other things as are necessary in conformity with the views expressed in this opinion.

*Judgment reversed and cause remanded with directions.*

HALL, P. J., and HEBEL, J., concur.