Roosevelt Lewis, Appellant, v. Glen Motors, Inc., Appellee.

Gen. No. 46,634.

First District, Third Division.
September 28, 1955.
Released for publication October 18, 1955.

Arthur Gomberg, of Chicago, for appellant; Samuel Nineberg, of Chicago, of counsel.

No brief filed for appellee.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Plaintiff appeals from an order dismissing his amended complaint and entering judgment against plaintiff upon defendant's motion to strike. No appearance or brief has been filed in this court by defendant.

According to the allegations of the amended complaint plaintiff purchased from defendant, an automobile dealer, a 1950 Chevrolet automobile for the sum of $955. Plaintiff paid $50 in cash and was allowed by defendant a trade-in value of $200 on plaintiff's 1946 Ford Sedan, thus leaving a balance due defendant on the purchase price of $705.

At the time the transaction was consummated defendant's agent orally promised and agreed with plaintiff that the balance amounting to $705 would be financed by defendant at a legal rate of interest. Plaintiff signed a printed form of contract in blank entitled "car invoice" furnished by defendant. After plaintiff signed the "car invoice" defendant, with intent to deceive the plaintiff and without his knowledge or consent, added below the plaintiff's signature the following: "Payable in 18 monthly installments of $58.62 commencing ——— to Glen Motors, Inc." Defendant sold and assigned the "car invoice" indicating an alleged balance due of $1,055.16 on the Chevrolet automobile to an automobile finance company which informed plaintiff that in the event he failed to make the monthly payments as provided in the car invoice it would repossess the automobile. Plaintiff has paid the finance company the amount of installment payments due under the terms of the alleged contract. He claims damages in the sum of $350.16, that being the difference between the aggregate installment payments and $705 actually due on the purchase price.

In its motion to strike the amended statement of claim defendant averred that plaintiff agreed to pay 18 monthly installments of $58.62 each; that the statement of claim is ambiguous; and that by making the monthly payments to the finance company plaintiff ratified the contract.

■■ In ruling on defendant's motion to strike we must assume the allegations of the amended complaint

to be true. The pleadings do not show any privity of contract between the plaintiff and the finance company nor does it appear that the finance company knew about the particular sale between plaintiff and defendant. This is an action against the defendant for deceit in fraudulently inducing the plaintiff to enter into the contract here in controversy. Under the circumstances alleged in the amended complaint payments to the finance company did not ratify the transaction between plaintiff and defendant. In Manufacturers Finance Trust v. Stone, 251 Ill. App. 414, the finance company, a bona fide purchaser of a note and chattel mortgage securing payments due on the purchase price of an automobile, instituted a replevin suit to recover possession. There the court held that it is not usury to buy notes in the course of business at a discount higher than the interest allowed by law. We think the facts in that case are readily distinguishable from those in the present case. Here the defendant agreed that the balance due on the purchase price would be financed at a legal rate of interest. Instead, the defendant, according to the charges of the amended complaint, fraudulently added a provision to the contract increasing the balance due to $1,055.16. In our view the amended complaint states a good cause of action and the trial judge erred in sustaining the motion to strike.

For the reasons given, the order appealed from is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

KILEY and FEINBERG, JJ., concur.